IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| MOSES SMITH, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:14cv64 |
| WILLIAM STEPHENS, ET AL. | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING
## THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Moses Smith, Jr., formerly an inmate at the Polunsky Unit of the Texas Department of Criminal Justice, Correctional Institutions Division ("TDCJ-CID"), proceeding *pro se*, brought the above-styled lawsuit pursuant to 42 U.S.C. § 1983.

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends Defendant Stephens' Partial Motion to Dismiss as Moot should be granted (docket entry no. 55), Defendant Stephens' Partial Motion to Dismiss should be granted (docket entry no. 56), Defendants' Motion to Dismiss should be granted (docket entry no. 58), and the Defendants' Motion to Dismiss should be granted (docket entry no. 59).

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the court concludes plaintiff's objections are without merit. The Religious Land Use and Institutionalized Persons Act ("RLUIPA") did not create a private right of

action for damages against prison officials in their individual capacities and claims for damages against prison officials in their official capacities are barred by the sovereign immunity of the State of Texas. *McCreary v. Richardson*, 738 F.3d 651, 655 (5th Cir. 2013); *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 329 (5th Cir. 2009), *aff'd sub nom. Sossamon v. Texas*, 563 U.S. 277, 280 (2011). Thus, plaintiff cannot maintain a claim for monetary damages against the defendants under RLUIPA.

Additionally, Plaintiff has notified the Court he is no longer confined in the TDCJ-CID. Further, the TDCJ-CID has changed its policies and now permits the growing of beards for religious purposes. Accordingly, plaintiff's request for injunctive relief concerning the conditions of his confinement in the TDCJ-CID is moot.

The defendants also have filed a Motion for Summary Judgment Regarding Exhaustion (docket entry no. 33). The defendants seek the dismissal of plaintiff's supplemental claims for failure to exhaust administrative remedies.

Exhaustion of administrative remedies prior to filing suit is mandatory and is intended to give correctional officials an opportunity to address complaints internally before initiation of a federal suit. *See Porter v. Nussle*, 534 U.S. 516, 525, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002). The exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes. *Id.*, at 532. A prisoner must exhaust administrative remedies regardless of the type of relief he seeks and regardless of whether the particular type of relief sought is available through the applicable grievance process. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001).

Grievances should contain sufficient detail to give prison officials fair notice of the problem and an opportunity to address the problem that will later form the basis of a lawsuit. *See Johnson*,

385 F.3d 516-17. "If an inmate claims that a guard acted improperly, we can assume that the administrators responding to the grievance would want to know - and a prisoner could ordinarily be expected to provide - details regarding who was involved and when the incident occurred, or at least other available information about the incident that would permit an investigation of the matter." *Id.* at 517.

Further, the Supreme Court has explained that prisoners must exhaust available administrative remedies in accordance with all procedural rules, including deadlines, as a precondition to bringing suit in federal court. *Woodford v. Ngo*, 548 U.S. 81, 126 S.Ct. 2378, 2382, 2387, 165 L.Ed.2d 368 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Id.,* at 90-91. The Fifth Circuit has made clear that administrative remedies must be exhausted prior to filing a lawsuit rather than while the action is pending, and district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement. *See Gonzalez v. Seal*, 702 F.3d 785, 788 (5th Cir. 2012).

The competent summary judgment evidence in this case shows that there is no genuine issue of material fact that plaintiff failed to properly exhaust the available grievance procedure by submitting sufficiently detailed grievances in a procedurally correct manner through all steps of the grievance procedure for each of his claims prior to filing this action. Accordingly, for the reasons set forth in the Reports of the Magistrate Judge and in this Order, plaintiff's complaint should be dismissed without prejudice.

O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the reports of the Magistrate Judge are **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

So **ORDERED** and **SIGNED** this **8** day of **August, 2017.**

_____
Ron Clark, United States District Judge